# BURSOR & FISHER
### P.A.

1330 Avenue of the Americas
32ND FLOOR
WNEW YORK, NY 10019
www.bursor.com

PHILIP L. FRAIETTA
Tel: 646.837.7150
Fax: 212.989.9163
pfraietta@bursor.com

September 2, 2025

*Via ECF*
The Honorable Arun Subramanian
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: *Montgomery v. Peek Travel, Inc.*, Case No. 25-cv-1015-AS (S.D.N.Y.) Discovery Letter Motion

Dear Judge Subramanian:

    I represent Plaintiff in this action and seek to move to compel Peek's response to Plaintiff's Interrogatory No. 4 and documents in response to Plaintiff's Requests for Production Nos. 2-12 (attached hereto as Exhibits A and B). Plaintiff first raised this discovery dispute with Defendant on August 18, 2025. The parties met and conferred on August 25, 2025, with Lead Trial Counsel John Socolow and Gregory Husta present for Defendant and Lead Trial Counsel Philip Friaetta, Stefan Bogdanovich, and Eleanor Grasso present for Plaintiff. The Parties kept communicating in the days that followed, but reached an impasse.

    Plaintiff moves to compel Peek to "[i]dentify *all* PLACES OF ENTERTAINMENT in the State of New York that used the Peek Purchase Platform at any time during the Class Period." Plaintiff's Interrogatory No. 4 (emphasis added). However, in its response, Peek only identified the four venues specifically referenced in Plaintiff's Complaint, even though the Complaint expressly says the scope of the case "*includ[es], but not limited to*, the Color Factory NYC, the Museum of Ice Cream, the Inter_Intermersive Art Museum, and the ARTECHOUSE." Complaint, ¶ 1 (emphasis added).

    The other places of entertainment which use the Peek Purchase Platform are relevant to the issues in this dispute because Plaintiff alleges that "purchase flow 'powered by Peek.com' remains substantially the same across all places of entertainment … Whenever a consumer selects an admission ticket on the website of these various places, she is quoted a fee-less price, only to be ambushed by non-delineated 'fees' at checkout … The fees are masked under the ambiguous category "Taxes & Fees," and Peek does not provide a breakdown." Complaint, ¶ 2. Plaintiff alleges all these purchase flows categorically violate New York Arts & Cultural Affairs Law § 25.07(4) (which requires that ticket fees be presented at the first instance a ticket price is shown) and General Business Law § 349 (which prohibits misleading business practices).

    Peek's initial document production contradicted its response to Interrogatory No. 4. *See, e.g.*, PT000676 (attached hereto as Exhibit C). Peek stated that "███████████████████████████████████████████████████████████████████████████████████" PT000678 (emphasis in original). It conceded that "█████████████████████████████████████████" with this

"▮▮▮▮▮" as "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" PT000682. Peek specifically identified ▮▮▮▮▮▮▮▮▮▮ as an example of a New York place of entertainment that was not "▮▮▮▮▮▮▮▮▮▮▮" even though that specific venue was not listed in Peek's response to Interrogatory No. 4. PT000679. Peek further noted that it had "▮▮▮▮▮▮▮▮" and that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." PT000696.

Relatedly, Plaintiff's Requests for Production Nos. 2 through 12 asked for the following categories of documents from every New York place of entertainment that used Peek's purchasing platform:

- Class data sufficient to identify the consumers who purchased tickets, how much they were charged in Peek fees, and how many transactions occurred during the relevant Class Period; and
- The Purchase Flows for each venue during the relevant Class Period.

Peek produced documents responsive to these requests for only the Museum of Ice Cream, Color Factory, Inter_Immersive Art Museum, and ARTECHOUSE, but not any of the other New York places of entertainment.

During the Parties August 25, 2025, Peek did not dispute that this information was relevant to Plaintiff and putative class's claim; rather it argued that producing these documents would be unduly burdensome. Plaintiff disagrees and only seeks a narrow subset of documents.

Peek produced excel spreadsheets with columns for customer identifying information, venue selected, the fee amounts charged, ticket type, and ticket prices for the four venues specifically mentioned in the Complaint. Thus, Peek should be able to produce additional excel spreadsheets for the other New York venues from its same business records. "Defendant[] ha[s] not explained why compiling an Excel spreadsheet would be unduly burdensome, and the Court has no independent reason to believe that it would be." *Sing Chuen L. v. AAE Corp.*, 2018 WL 4804687, at *6 (S.D.N.Y. Oct. 4, 2018); *accord, e.g.*, *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 452 (S.D.N.Y. 2013) (compelling production of spreadsheets of class members in class action); *Mei Rong Du v. Dingxiang Inc.*, 19-CV-11924 (JPO)(BCM), 2020 WL 7404984, at *13 (S.D.N.Y. Dec. 17, 2020) (same); *Jacob v. Duane Reade., Inc.*, No. 11-cv-0160 (JPO), 2012 WL 260230, at *10 (S.D.N.Y. Jan. 27, 2012) (same).

Peek also produced the purchase flows for three of the four venues referenced in the Complaint (excluding ARTECHOUSE), which consisted of a grand total of 21 PDF pages. PT000225-246. Plaintiff would imagine that producing the rest of purchase flows for the other New York places of entertainment would require, at most, a few hours of searching, downloading, and bates stamping.

Even though Plaintiff stated during the August 25, 2025 meet and confer that these were the only documents they were seeking, Peek said it would be unduly burdensome to produce them without providing any explanation. This is improper. "Why is it burdensome? How is it overly broad? This language tells the Court nothing." *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017).

                        Very truly yours,

                        Philip L. Fraietta

CC:    All counsel of record (via ECF)

The motion to compel is DENIED without prejudice. The Court agrees with defendant that it is unduly burdensome at this stage to require defendant to identify the hundreds of unnamed vendors who use their platform, as well as to provide customer and "purchase flow" information for each place of entertainment that used Peek's platform, particularly given defendant's concern that plaintiff is attempting to use Peek as the "wellspring from which to file more lawsuits against Peek's clients." Dkt. 42 at 3 n.1. If this case survives defendant's motion to dismiss and a class is certified, then plaintiff may renew the application.

Additionally, plaintiff's motion to seal the motion to compel is DENIED. Although the motion contains materials marked as confidential by defendant, the information marked confidential does not properly fall within the scope of the protective order. *See* Dkt. 31.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 37, 38, 39, and 40, and remove the viewing restrictions on those entries.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 16, 2025