**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| KAYLA MONTGOMERY, individually and on behalf of all others similarly situated, | : | Civil Action No.: |
| | : | |
| | : | 1:25-cv-01015-AS |
| | : | |
| Plaintiff, | : | **DEFENDANT, PEEK TRAVEL,** |
| | : | **INC.'S, NOTICE OF ITS MOTION** |
| -against- | : | **FOR A STAY PENDING RESOLUTION** |
| | : | **OF *CAMMAYO V. MUSEUM OF ICE*** |
| PEEK TRAVEL, INC., | : | ***CREAM* (INDEX NO. 150173/2024)** |
| | : | |
| Defendant. | : | |
| | : | |

PLEASE TAKE NOTICE that Defendant, PEEK TRAVEL, INC. ("Defendant" or "Peek"), will, and hereby does, move this Court for an order staying this mater pending resolution of *Cammayo v. Museum of Ice Cream* (Index No. 150173/2024).

This motion is made pursuant to the Court's inherent authority to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. Defendant specifically requests that the Court stay this matter pending resolution of *Cammayo* because, among other things:

(i)      a stay will promote judicial economy where more than 80% of the potential quantum of damages among identified vendors are addressed in *Cammayo* which is based on New York's Arts & Cultural Affairs Law ("ACAL") § 25.07(4), has already been certified as a national class including Plaintiff, and encompasses the same class period;

(ii)      the balance of harms among the parties favors Defendant because Defendant will incur needless or unnecessary litigation and faces the specter of inconsistent judgments or decisions in the absence of a stay;

(iii)    the duration of the requested stay favors entry of a stay because in the past 6 months, the *Cammayo* parties unsuccessfully attended mediation, the plaintiff's motion for summary judgment was fully briefed, class notice was disseminated, and the class exclusion period expired;

(iv)    the public interest will not be harmed by a stay because any potential harm to the public was removed almost 2 years ago; and

(v)    Defendant will face hardship or inequity in the absence of a stay.

In addition to the requested stay, Defendant also respectfully requests any and all other relief the Court deems fair, just, and proper.

Defendant's Motion for a Stay is based upon this Notice of Motion, the accompanying Memorandum of Law, the Declarations of John M. Socolow and Anthony Dam, all documents on file herein, and such documentary evidence included with this motion and as may be presented at the time of the hearing on this matter.

Dated: White Plains, New York
        March 24, 2026.

**WOOD, SMITH, HENNING & BERMAN, LLP**

*s/ John M. Socolow*
John M. Socolow (JS5350)
Gregory R. Husta (admission pending)
5 Waller Avenue, Suite 200
White Plains, New York 10601
Tel: (914) 353-3850
Email: jsocolow@wshblaw.com
        ghusta@wshblaw.com

*Attorneys for Defendant PEEK TRAVEL, INC.*