## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | : | |
| KAYLA MONTGOMERY, individually and on behalf of all others similarly situated, | : : : : | Civil Action No.: 1:25-cv-01015-AS |
| | : | |
| Plaintiff, | : : | **DEFENDANT, PEEK TRAVEL, INC.'S, MEMORANDUM OF LAW IN** |
| -against- | : : : | **SUPPORT OF ITS MOTION FOR A STAY PENDING RESOLUTION OF** |
| PEEK TRAVEL, INC., | : : | ***CAMMAYO V. MUSEUM OF ICE CREAM* (INDEX NO. 150173/2024)** |
| Defendant. | : : | |

<br>

**WOOD, SMITH, HENNING & BERMAN, LLP**

*s/ John M. Socolow*
John M. Socolow (JS5350)
Gregory R. Husta (admission pending)
5 Waller Avenue, Suite 200
White Plains, New York 10601
Tel: (914) 353-3850
Email: jsocolow@wshblaw.com
         ghusta@wshblaw.com

*Attorneys for Defendant PEEK TRAVEL, INC.*

<br>

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL STANDARD..............................................................................................................3

ARGUMENT ..........................................................................................................................5

I.    A Stay Will Promote Judicial Economy .................................................................5

II.    The Balance Of Harms Among The Parties Favors Defendant...............................8

III.   The Duration Of The Requested Stay Favors A Stay ............................................11

IV.   Other Factors Support A Stay ...............................................................................12

CONCLUSION.....................................................................................................................13

# TABLE OF AUTHORITIES

**CASES**                                                                                   **PAGE**

*Aukema v. Chesapeake Appalachia, LLC,*
     839 F. Supp. 2d 555 (N.D.N.Y. 2012)...............................................................4-5,6

*Cammayo v. land8, Inc. d/b/a Museum of Ice Cream,* Index. No. 150173/2024 (LC),
     Sup. Ct. Richmond Cnty. Jan. 25, 2024...........................................................*passim*

*Citizens For Resp. And Ethics In Washington v. Off. of Admin.,*
     593 F. Supp. 2d 156 (D.D.C. 2009) ..........................................................................8

*Cord v. Prudential-Bache Sec., Inc.,* No. 91 Civ. 1477 (MBM),
     1991 WL 158940 (S.D.N.Y. Aug. 13, 1991) ........................................................4,11

*Gen. Reinsurance Corp. v. Ciba-Geigy Corp.,*
     853 F.2d 78 (2d Cir. 1988)....................................................................................6,10

*Gov't Emps. Ins. Co. v. Landow,* No. 21-CV-1440 (NGG) (RER),
     2022 WL 939717 (E.D.N.Y. Mar. 29, 2022) ............................................................8

*In re Galena Biopharma, Inc. Derivative Litig.,*
     83 F. Supp. 3d 1033 (D. Or. 2015) ...........................................................................8

*In re Homaidan,* No. 08-48275-ESS,
     2022 WL 4073429 (Bankr. E.D.N.Y. Sept. 2, 2022)................................................8

*Kayla Montgomery v. Peek Travel, Inc.,* 1:25-cv-01015,
     S.D.N.Y. 2025.............................................................................................................2

*Travelers Cas. & Sur. Co. of Am. v. DiPizio Const. Co.,*
     103 F. Supp. 3d 366 (W.D.N.Y. 2015) .................................................................4,5,6

*Youngbloods v. BMG Music,* No. 07 CIV 2394 GBD KNF,
     2011 WL 43510 (S.D.N.Y. Jan. 6, 2011). ...............................................4,5,7,8,11,12

*Zharia Charles v. Color Factory, LLC,* 3:24-cv-04201,
     S.D.N.Y. 2024.............................................................................................................1

*Zharia Charles v. Peek Travel, Inc.,* 3:24-cv-04201,
     N.D.CA. ...................................................................................................................1-2

*Zharia Charles v. Peek Travel, Inc.,* CGC-24-618188,
     Cal. Sup. Ct. San Francisco Cnty. 2024....................................................................2

## STATUTES AND RULES

New York's Arts & Cultural Affairs Law ("ACAL") § 25.07(4)...................................... 1,5,7

ACAL § 25.29............................................................................................................. 7

GBL § 349................................................................................................................. 7

## PRELIMINARY STATEMENT

This matter is a putative class action where the class representative, Kayla Montgomery, seeks to represent a nationwide class of ticket purchasers who purchased tickets off websites including the Museum of Ice Cream ("MOIC"), Color Factory NYC ("Color Factory"), Inter_Intermersive Art Museum ("Intermersive"), and ARTECHOUSE ("Artechouse"). Plaintiff seeks to represent a nationwide class of all individuals who purchased such tickets from August 29, 2022 through present.[1] She alleges that she purchased four (4) general admission tickets off the MOIC website "on or about January 18, 2023." Complaint at ¶ 10. She does not allege that she purchased tickets off the websites of any other ticket vendor or operator. On November 24, 2025, the Court dismissed Plaintiff's allegations against Color Factory, finding that "a prior settlement agreement bars any allegations tied to tickets to the Color Factory." *See* Dkt. No. 45 at 4 of 6. The Court determined that Peek Travel, Inc. ("Defendant" or "Peek") was a "released party" under the settlement and release because (i) Defendant was Color Factory's "representative" or "sales and/or customer service agent" under the settlement and release and (ii) Defendant's compensation is not a "separate fee" from "whatever was collected by the Color Factory" for purposes of Plaintiff's action. *Id*. at 4-5 of 6.

Prior to commencing this action, Plaintiff's counsel filed a separate putative class action in New York state court on January 25, 2024. *See Cammayo v. 1and8, Inc. d/b/a Museum of Ice Cream,* Index No. 150173/2024 (LC) (Sup. Ct. Richmond Cnty. Jan. 25, 2024).[2] The *Cammayo*

---

[1] The proposed class period runs from the effective date of New York's Arts & Cultural Affairs Law ("ACAL") § 25.07(4), i.e., August 29, 2022, through ███████████████████ ██████████████████████████████████ *See* **EXHIBIT A**, Dam Decl., at ¶¶ 5-6.

[2] *Cammayo* is the fifth such action filed by Plaintiff's counsel in the past 2 years regarding allegations concerning ACAL § 25.07(4) and Color Factory or MOIC. *See Zharia Charles v. Color Factory, LLC* (3:24-cv-04201) (S.D.N.Y. 2024), *Zharia Charles v. Peek Travel Inc*. (3:24-

action was filed by Katherine Cammayo and seeks recovery on behalf of "all individuals who purchased tickets to the Museum of Ice Cream NYC from Defendant's website museumoficecream.com or from BucketListers, Inc.'s website bucketlisters.com from August 29, 2022 to March 27, 2024." *See* **EXHIBIT B**, Socolow Decl., Ex. 2 at 6 of 8. The MOIC-related images in the *Cammayo* complaint are *identical* to the MOIC-related images in Plaintiff's Complaint; the figures use the same browsing purchase date, purchaser name, email, and telephone number, and quantity of selected tickets – they are identical in all respects. *Compare* Socolow Decl., Ex. 1, Figures 1-7 *with* Complaint, Figures 1-7. Indeed, in both complaints the allegations under the heading "Relevant Factual Allegations" are substantially identical. *Compare* Socolow Decl., Ex. 1 at ¶¶ 10-17 *with* Complaint at ¶¶ 12-21.

On April 22, 2025, the court certified the *Cammayo* class. Socolow Decl., Ex. 3. On June 12, 2025, the court clarified that "the Nationwide Class has been certified." *See id*., Ex. 2 at 6 of 8. Accordingly, **the *Cammayo* class is a nationwide class of all ticket purchasers**, **including ticket purchasers from MOIC's website**, **from August 29**, **2022 to March 27**, **2024**. On October 3, 2025, the court-appointed notice administrator, Mr. Epiq, disseminated the class notice. *See id*., Ex. 4 at 17 of 19. The exclusion period expired on December 2, 2025. *See id*. Plaintiff testified that she has not opted out of or gone through the opt-out procedures for any prior class action. *See id*., Ex. 5 at 20:10-22. And Defendant believes that Plaintiff received class notice. Therefore, the *Cammayo* class includes Plaintiff because: (i) she alleges that she purchased tickets off the MOIC website on or about January 18, 2023; (ii) the *Cammayo* class covers ticket purchasers who

---

cv-04201) (N.D.CA.), *Zharia Charles v. Peek Travel Inc*. (CGC-24-618188) (Cal. Sup. Ct. San Francisco Cnty. 2024), *Katherine Cammayo v. 1and8, Inc. d/b/a Museum of Ice Cream* (150173/2024) (N.Y. Sup. Ct. Richmond Cnty. 2024) and *Kayla Montgomery v. Peek Travel, Inc*. (1:25-cv-01015) (S.D.N.Y. 2025).

purchased tickets off the MOIC website between August 29, 2022 to March 27, 2024; (iii) she seemingly received the class notice and declined to opt-out of the class; and (iv) the class period expired.

Here, the resolution of *Cammayo* will likely have preclusive and/or collateral effect on this matter because any settlement and release will likely extinguish not only Plaintiff's MOIC-related claim, but all other MOIC class claims in this action. The elimination of MOIC-related claims is paramount to this matter because, among the three (3) identified vendors, MOIC represents 97% of fees and 83% of transactions during the class period. *See* Dam Decl. at ¶ 10. In other words, the resolution of *Cammayo* will eliminate more than 80% of the potential quantum of damages among identified vendors in this matter. Additionally, by extinguishing Plaintiff's MOIC-related claim, the putative class action should fail for want of a class representative. This likelihood is compounded by the Court's prior ruling on Peek's motion to dismiss; specifically, that Peek is a released party under the Color Factory settlement and release.

Peek respectfully requests that the Court enter an order staying this action until resolution of *Cammayo* because: (i) a stay will promote judicial economy; (ii) the balance of harms among the parties favors Defendant; (iii) the duration of the requested stay favors entry of a stay; (iv) the public interest will not be harmed by a stay; and (v) Defendant will face hardship or inequity in the absence of a stay. Defendant further seeks any and all other relief the Court deems fair, just, and proper.

### **LEGAL STANDARD**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh

competing interests and maintain an even balance." *Youngbloods v. BMG Music*, No. 07 CIV 2394 GBD KNF, 2011 WL 43510, at *3 (S.D.N.Y. Jan. 6, 2011) (citation and bracket omitted). "The decision whether or not to stay ... a proceeding rests within a district judge's discretion." *Id.* (citation omitted; ellipses in original). "The proponent of a stay bears the burden of establishing its need." *Travelers Cas. & Sur. Co. of Am. v. DiPizio Const. Co.*, 103 F. Supp. 3d 366, 370 (W.D.N.Y. 2015) (citation omitted).

In determining whether to stay a civil action pending resolution of a concurrent civil action, the courts in the Southern District of New York usually consider the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Youngbloods*, 2011 WL 43510 at *3 (citations omitted); *DiPizio*, 103 F. Supp. 3d at 370 (considering the same five factors); *see also Cord v. Prudential– Bache Sec., Inc.*, No. 91 Civ. 1477(MBM), 1991 WL 158940, at *1 (S.D.N.Y. Aug. 13, 1991) (staying civil action pending resolution of a related class action in federal district court in Illinois and applying the following relevant factors: "whether staying the proceeding will result in judicial economy or will avoid duplication of effort, whether the other proceeding is at a more advanced stage, and whether if this action is stayed, the plaintiff will have her 'day in court' in the parallel proceeding") (citation omitted).

The foregoing *Youngbloods* factors have been synthesized to mean: "(1) whether a stay would promote judicial economy; (2) the balance of harm to the parties; (3) the duration of the requested stay; and (4) any other factors pertinent to the circumstances of the case." *Aukema v.*

*Chesapeake Appalachia, LLC*, 839 F. Supp. 2d 555, 558 (N.D.N.Y. 2012) (citing *Youngbloods*, 2011 WL 43510 at *4).

**ARGUMENT**

**I.      A Stay Will Promote Judicial Economy**

To determine whether judicial economy warrants a stay, courts in this circuit will consider "the commonality of issues and likelihood that those issues will be resolved" in the concurrent civil action. *Aukema*, 839 F. Supp. 2d at 558; *see also DiPizio*, 103 F. Supp. 3d at 370; *Youngbloods*, 2011 WL 43510 at *5-6.

Here, both *Cammayo* and this matter concern allegations that the purchase flow on the MOIC website violated ACAL § 25.07(4) during the same national class period. As stated, the MOIC-related images in the *Cammayo* complaint are *identical in all respects* to the MOIC-related images in Plaintiff's Complaint. Indeed, both actions allege as follows:

1.      "Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the 'total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket' after a ticket is selected, as depicted in Figures…" *Compare* Socolow Decl., Ex. 1 at ¶ 30 *with* Complaint at ¶ 55.

2.      "Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the total cost of its tickets during the purchase process, as depicted in Figures…" *Compare* Socolow Decl., Ex. 1 at ¶ 31 *with* Complaint at ¶ 56.

3.      "Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to 'disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser,' as depicted in Figures…" *Compare* Socolow Decl., Ex. 1 at ¶ 32 *with* Complaint at ¶ 57.

4.      The charge in excess of the sales tax or service fee "is an 'ancillary fee[] that must be paid in order to purchase the ticket.'" *Compare* Socolow Decl., Ex. 1 at ¶ 33 *with* Complaint at ¶ 58.

5.      The service fees were unlawful because "the total cost was not disclosed to Plaintiff at the beginning of the purchase process…" *Compare* Socolow Decl., Ex. 1 at ¶ 34 *with* Complaint at ¶ 60.

6. Plaintiff was harmed by paying the service fees which were "not clearly and conspicuously disclosed on the final checkout page…" *Compare* Socolow Decl., Ex. 1 at ¶ 35 *with* Complaint at ¶ 60.

The foregoing demonstrates that the legal issues in this action are sufficiently similar, if not identical as far as MOIC is concerned, to those in *Cammayo* such that resolution of *Cammayo* will likely extinguish Plaintiff's claim. *See DiPizio*, 103 F. Supp. 3d at 370 (legal issues in parallel action are insufficiently similar to instant action for purposes of a stay where resolution of the parallel action determines the occurrence of a breach and resulting damages with respect to one project while the instant action determines the rights of an insurer under an indemnity agreement regarding claims on multiple bonds). To this end, the resolution of *Cammayo*, *which has already been certified as a national class including Plaintiff and encompasses an identical class period*, will likely affect Defendant's substantive rights by virtue of *res judicata*, collateral estoppel, and/or release. *See id*. ("Even if the state court actions determine that DiPizio did not default on the contract with ECHDC, such a finding would not affect DiPizio's liability under an agreement to indemnify against damages incurred by Travelers as surety to ECHDC"); *Aukema*, 839 F. Supp. 2d at 560 (issues between two cases were insufficiently similar to warrant a stay where the subject case concerned 32 leases that were leased by one entity without arbitration agreements and the other case concerned 150 leases that were leased by multiple parties with more than one hundred arbitration agreements); *Gen. Reinsurance Corp. v. Ciba-Geigy Corp.*, 853 F.2d 78, 81 (2d Cir. 1988) ("Because the New Jersey action embraces the issues involved in the federal action, the *res judicata* effect of resolution of the state action would preclude further litigation in the district court").

This likelihood is compounded by the fact that the Court has already dismissed Plaintiff's claims against Color Factory, finding that Defendant was a "released party" under a prior

settlement and release because (i) Defendant was Color Factory's "representative" or "sales and/or customer service agent" under the settlement and release and (ii) Defendant's compensation is not a "separate fee" from "whatever was collected by the Color Factory" for purposes of Plaintiff's action. *See* Dkt. No. 45 at 4-5 of 6. And this was done even though the settling Color Factory action concerned a single cause of action for violations of ACAL § 25.07(4); whereas here, Plaintiff asserts violations of ACAL §§ 25.07(4) and 25.29, and GBL § 349. It follows that if *Cammayo* resolves by settlement and release, then Defendant should equally be a "released party" even though *Cammayo* concerns a single cause of action for violations of ACAL § 25.07(4).

Therefore, staying this matter pending resolution of *Cammayo* will promote judicial economy because its resolution will likely extinguish Plaintiff's claim for want of a class representative.

Staying this matter pending resolution of *Cammayo* also promotes judicial economy by substantially reducing the size and scope of the class noticing regime as well as the amount of time and effort invested into said noticing regime. *Youngbloods*, 2011 WL 43510, at *6 ("Promoting judicial economy involves not only the Court's ability to control the disposition of the cases on its docket 'with economy of time and effort for itself,' but also 'for counsel, and for litigants'"). Because *Cammayo* is a certified national class against MOIC and encompasses the same class period, its resolution will drastically curtail the size and scope of the class in this matter – assuming the class is certified. Specifically, among the three (3) identified vendors, MOIC represents 97% of fees and 83% of transactions during the class period. *See* Dam Decl. ¶ 10. It follows that if certification is limited to these three (3) identified vendors, then resolution of *Cammayo* will eliminate more than 80% of the work and expense associated from identifying and noticing MOIC-

related class members.    Indeed, by reducing the noticing regime by more than 80%, staying this matter not only promotes economy among the parties but also with the Court.

Considering the foregoing, Defendant respectfully requests that the Court grant its motion to stay this matter pending resolution of *Cammayo* because its resolution will likely preclude Plaintiff from preserving this action and will substantially reduce the noticing regime and potential quantum of damages among identified vendors by more than 80%.

**II**.      **The Balance Of Harms Among The Parties Favors Defendant**

When determining or balancing the harm to the parties, courts in this circuit consider the prospect of needless or unnecessary litigation, inconsistent decisions or judgments, and the likelihood of irreparable harm.  *See e.g., Youngbloods*, 2011 WL 43510 at *7; *Gov't Emps. Ins. Co. v. Landow*, No. 21-CV-1440 (NGG) (RER), 2022 WL 939717, at *11 (E.D.N.Y. Mar. 29, 2022); *In re Homaidan*, No. 08-48275-ESS, 2022 WL 4073429, at *34 (Bankr. E.D.N.Y. Sept. 2, 2022).  Courts in other circuits also consider the loss or destruction of evidence.  *See, e.g., In re Galena Biopharma, Inc. Derivative Litig.*, 83 F. Supp. 3d 1033, 1043 (D. Or. 2015); *Citizens For Resp. And Ethics In Washington v. Off. of Admin.*, 593 F. Supp. 2d 156, 162 (D.D.C. 2009).

Here, the balance of harms among the parties favors entry of a stay because Plaintiff will not suffer irreparable harm and there is no prospect of the loss or destruction of evidence.  Nor will the granting of a stay levy Plaintiff with needless or unnecessary litigation.  Plaintiff will not suffer irreparable harm because she will receive a settlement award in the event the *Cammayo* class settles.  She will also receive a portion of the judgment should the *Cammayo* class prevail at trial.  This is because *Plaintiff is already a member of the Cammayo class*.  Indeed, for purposes of this matter there is no distinction between "Peek fees" and non-Peek fees as the Court has already determined that Defendant's compensation is not a "separate fee" from "whatever was

collected by the Color Factory." *See* Dkt. No. 45 at 4-5 of 6. In other words, resolution of *Cammayo* by settlement or judgment results in Plaintiff receiving compensation for her claim against MOIC – there is no harm, let alone irreparable harm.

Furthermore, there is no reason to suspect that Plaintiff's interests are not equally represented in *Cammayo* because the same attorneys who represent the *Cammayo* class also represent Plaintiff in this matter.

Neither is there any prospect of losing or destroying evidence because Defendant is a sophisticated corporate entity who operates in cyberspace. Most if not all relevant evidence should be stored on computer hard drives and/or cloud systems. And Defendant has already produced nearly 400,000 pages of materials in response to Plaintiff's discovery demands. *See* Dkt. No. 41. To this end, Plaintiff has already deposed Defendant's corporate representative. Assuming a worst-case hypothetical scenario where Defendant loses the materials on its hard drives and/or cloud systems, Plaintiff can still retrieve materials from the various relevant vendors as evidenced by her attorneys' ability to previously settle with Color Factory.

By contrast, Defendant will suffer greater harm in the absence of a stay. Specifically, Defendant will incur needless or unnecessary litigation and faces the specter of inconsistent judgments or decisions. For example, following the resolution of *Cammayo* it is likely that Plaintiff cannot remain as the class representative. Accordingly, Defendant will avoid the time, effort, and expense of drafting and arguing motions opposing class certification and for summary judgment. Indeed, these savings will also apply to any pre-trial motions as well as trial. The preclusive and/or collateral effect of *Cammayo's* resolution also eliminates the potential litigation expense associated with mediation.

Defendant is also harmed by the specter of inconsistent judgments or decisions because the gravamen of Plaintiff's complaint concerns violations of state law and many of the defenses Defendant will pursue are equally grounded in state law. In other words, the Court should heed deference to New York state courts on issues of state law like the voluntary payment doctrine or whether Plaintiff must prove causation under the Arts and Cultural Affairs Law. *See Ciba-Geigy Corp.*, 853 F.2d at 82 ("Although the absence of federal issues does not require the surrender of jurisdiction, it does favor abstention where 'the bulk of the litigation would necessarily revolve around the state-law ... rights of [numerous] ... parties'") (citation omitted; bracket and ellipses in original). Indeed, these very issues are presently on appeal in *Cammayo*. *See* Socolow Decl., Ex. 6. Should the Defendant submit summary judgment papers, or Plaintiff move for class certification, before resolution of *Cammayo*, then Defendant may be deprived of the ability rely on the state court's analysis and application of the voluntary payment doctrine and issues of causation. By staying this matter pending resolution of *Cammayo*, the Court will avoid having to place itself in the shoes of the state court when deciding these issues because it will have the benefit of referring to the appellate decisions in *Cammayo*.

Finally, Defendant is also harmed by a disadvantage in settlement discussions from the existence of the two (2) concurrent actions. Because more than 80% of the potential quantum of damages among identified vendors flow from MOIC-related fees, Plaintiff has the unique advantage of factoring these fees into settlement discussions. By staying this matter pending resolution of *Cammayo*, the parties' settlement discussions will be more appropriately tailored to the remaining 20% of fees. To this end, staying this matter pending resolution of *Cammayo* also eliminates the uncertainty arising from the potential double recovery of all MOIC-related fees. Considering the foregoing, Defendant respectfully requests that the Court grant its motion to stay

this matter pending resolution of *Cammayo* because the balance of harms among the parties favors a stay.

**III**. **The Duration Of The Requested Stay Favors A Stay**

When determining whether the duration of the requested stay favors entry of a stay, courts in this circuit consider whether the request is for an "immoderate stretch of time" and if the underlying "class action is … proceeding rapidly." *See Youngbloods*, 2011 WL 43510 at *8; *Cord v. Prudential-Bache Sec., Inc*., No. 91 CIV. 1477 (MBM), 1991 WL 158940, at *2 (S.D.N.Y. Aug. 13, 1991) (ellipses added).

Here, *Cammayo* was filed on January 25, 2024, more than one (1) year before this matter commenced on February 4, 2025. *See* Socolow Decl., Ex. 1. On December 9, 2024, the *Cammayo* court denied MOIC's motion to dismiss. *See id*., Ex. 7. On April 22, 2025, less than three (3) months after this matter commenced, the *Cammayo* court granted the plaintiff's motion for class certification. *See id*., Ex. 3. On June 12, 2025, the *Cammayo* court denied MOIC's motion for summary judgment. *See id*., Ex. 8. On September 2, 2025, the *Cammayo* parties unsuccessfully mediated their case. *See id*., Ex. 9. On October 3, 2025, the court-appointed notice administrator, Mr. Epiq, disseminated the class notice. *See id*., Ex. 4 at 17 of 19. On December 2, 2025, the class exclusion period expired. *See id*. On January 30, 2026, the *Cammayo* parties fully briefed the plaintiff's motion for summary judgment. *See id*., Ex. 10.

Considering the foregoing, Defendant respectfully submits that its request for a stay pending resolution of *Cammayo* is not for an immoderate stretch of time. To the contrary, because *Cammayo* has quickly proceeded through motions to dismiss and for summary judgment and class certification as well as a failed mediation, the parties are left with either settling or proceeding to trial. Indeed, the *Cammayo* court could grant the plaintiff's motion for summary judgment which

would even further shorten the length of the requested stay.  To this end, liability against MOIC in *Cammayo* could be decided well before a class might be certified in this matter.  Therefore, Defendant respectfully submits that its request for a stay pending resolution of *Cammayo* is not for an immoderate stretch of time.

Relatedly, *Cammayo* is proceeding "rapidly" because in the past 6 months, the parties unsuccessfully attended mediation, the plaintiff's motion for summary judgment was fully briefed, class notice was disseminated, and the class exclusion period expired.  Therefore, Defendant respectfully submits that its request for a stay pending resolution of *Cammayo* is appropriate as *Cammayo* is proceeding rapidly.

**IV**.     **Other Factors Support A Stay**

When considering other factors, courts in this circuit will look to the "public interest," if any, that will be impacted by the stay as well as any other "hardship or inequity."  *See Youngbloods*, 2011 WL 43510 at *8.  For example, in *Youngbloods*, the court determined that: "The plaintiff's argument, that 'a stay could also affect the general public to the extent that a decision in the class action could ultimately change the prices or licensing on digital downloads,' implicates public interest, not only of the artists in the music and music-related industries, but also of the consuming public."  *Id*. at *8.  Here, there are no such related concerns because the very harms Plaintiff complains of were already addressed and eliminated with the implementation of Defendant's "pricing transparency initiative" in March of 2024.  *See* Dam Decl. at ¶¶ 5-6.  To the extent there was any harm to the public, such harm was removed almost 2 years ago.

Regarding other "hardship or inequity," Defendant refers to its disadvantage in settlement discussions from the existence of the two (2) concurrent actions.  *See supra* at p. 10.  As explained, more than 80% of the potential quantum of damages among identified vendors flow from MOIC-

related fees.  By staying this matter pending resolution of *Cammayo*, the parties' settlement discussions will be more appropriately tailored to the remaining 20% of fees.  Defendant also refers to the fact that staying this matter pending resolution of *Cammayo* will reduce the burden and expense of the class notice regime for identified vendors by more than 80% due to the elimination of MOIC-related claims.  *See supra* at pp. 7-8.

Considering the foregoing, Defendant respectfully avers that the public interest will not be harmed by a stay; rather, Defendant will face hardship or inequity in the absence of a stay.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court grant its motion for a stay pending resolution of *Cammayo* because: (i) a stay will promote judicial economy; (ii) the balance of harms among the parties favors Defendant; (iii) the duration of the requested stay favors entry of a stay; (iv) the public interest will not be harmed by a stay; and (v) Defendant will face hardship or inequity in the absence of a stay.  Defendant further seeks any and all other relief the Court deems fair, just, and proper.

Dated: White Plains, New York
March 24, 2026

Respectfully submitted,

**WOOD SMITH HENNING & BERMAN, LLP**

By: ***John M. Socolow***
John M. Socolow, Esq.
Gregory R. Husta, Esq. (admission pending)
*Attorneys for Defendant,*
*Peek Travel, Inc.*
5 Waller Avenue, Suite 200
White Plains, NY 10601
Phone: (914) 353-3862
jsocolow@wshblaw.com
ghusta@wshblaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading was filed on this 24th day of March, 2026, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ John M. Socolow*
John M. Socolow


## CERTIFICATE OF COMPLIANCE

I do hereby certify that the foregoing pleading contains 3,980 words in the body of the memorandum (excluding the cover page, table of contents, table of authorities, caption, signature block, and certificates) and 135 words in the footnotes, totaling 4115 words.

*/s/ John M. Socolow*
John M. Socolow